JUSTICE GRAY,
specially concurring.
¶29 I specially concur in the Court’s opinion, agreeing with the result reached but not with the entirety of the Court’s analysis.
¶30 It is clear to me that, whatever term is used for the medical services payments at issue in these cases, those payments were part of the claimants’ “causes of action” against the insurers. It is equally clear that the ultimate payments for medical services in these cases arose from the efforts of the claimants’ attorneys.
¶31 I am not altogether convinced, however, that medical benefits are “compensation benefits” under the current statutory language in § 39-71-704, MCA, which differs from the version of that statute at issue in Carlson. Specifically, § 39-71-704, MCA, currently provides for payment for medical, hospital and related services under the Workers’ Compensation Act as an “additional benefit” separate and apart from “compensation benefits” provided. It is my view that the proper application of that plain language mandates a conclusion that medical services payments are not “compensation benefits” as that term currently is used in the Act.
¶32 In light of the clear language in § 37-61-420(2), MCA, the attorney lien statute, however, it is my view that the question of whether medical services payments are “compensation benefits” is not particularly relevant to the issue before us which, unlike Carlson, does not concern whether the payments are “compensation benefits” under the language of the penalty statute at issue in Carlson. Here, neither *475 the attorney retainer agreement drafted by the Department, the statute pursuant to which the agreement was drafted, nor the related administrative regulation uses the term “compensation benefits.” Thus, the issue before us is simply whether the attorney lien statute applies to medical benefits recovered due to the efforts of a claimant’s attorney in a worker’s compensation case.
¶33 Section 37-61-420(2), MCA, provides that an attorney who appears for a party “has a lien upon his client’s cause of action... which attaches to a... judgment in his client’s favor and the proceeds thereof in whose hands they may come.” (Emphasis added.) Section 37-61-420(2), MCA, further provides that the lien cannot be affected by any settlement between the parties before or after judgment. Applying § 37-61-420(2), MCA, to the cases before us, it is my opinion that the medical services payments were part of these claimants’ causes of action in the Workers’ Compensation Court and, upon either that court’s judgment (in Lockhart) or a prejudgment “settlement” of that issue by the insurer (in Petak), the statutory attorney lien attached to the medical benefits proceeds of the causes of action without regard to the fact that the “proceeds” go to the medical providers rather than to the claimants.
¶34 In addition, the “fairness” arguments advanced by the medical providers in these cases are more properly addressed to the Montana Legislature. It is the Legislature which is responsible for maintaining an appropriate balance between the obligations of the various parties to — and entities interested in — workers’ compensation disputes. Furthermore, it is the Legislature which enacted the attorney lien statute, closely regulates attorney fees in the workers’ compensation arena and either sets or authorizes the Department to establish discounted fees and rates for medical services provided to workers’ compensation claimants. Our duty is to apply the law as the Legislature enacts it. See § 1-2-101, MCA.
¶35 For these reasons, I agree that the attorney lien codified at § 37-61-420, MCA, applies to medical benefits recovered due to the efforts of an attorney in a worker’s compensation case and that the Workers’ Compensation Court erred in concluding otherwise.